IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Aaron A. Primes<br>Plaintiff,<br><br>v.<br><br>Officer Richard A. Lassiter, et al.,<br>Defendants. | 1:19cv148 (AJT/IDD) |

MEMORANDUM OPINION & ORDER

Aaron Primes, a Virginia inmate proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983, claiming that Richard Lassiter, an officer at Hampton Roads Regional Jail, unconstitutionally applied excessive force.[1] [Dkt. No. 1]. Specifically, Primes alleges that Officer Lassiter deliberately shut a cell door on his head and afterwards, laughed and refused to send him for a medical evaluation. [Id.]. Lassiter has moved for summary judgment and provided Primes with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. No. 13]. Primes has submitted no opposing materials. For the reasons that follow, the Court will grant Lassiter's motion.

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient

---

[1] In the complaint Primes does not assert whether he is a convicted prisoner proceeding under the Eighth Amendment or a pretrial detainee asserting rights under the Fourteenth Amendment. Officer Lassiter's summary judgment motion analyzes Primes's claim under the Eighth Amendment. Records from the Criminal Division of the Hampton Circuit Court of Virginia show that on April 27, 2018—two months before the incident at issue in this lawsuit—the court revoked his probation and sentenced him to time in the Virginia penitentiary.
See Commonwealth v. Primes, No. CR08D00145-00. Accordingly, Primes's claims are properly understood as arising under the Eighth Amendment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473–75 (2015).

1

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

Here, Officer Lassiter is the only party who put forth evidence. Primes's complaint is neither verified nor supported by statements that were sworn or made under penalty of perjury, and so the Court will not consider as evidence the complaint's allegations. See Fed. R. Civ. P. 56(e); United States ex rel. Doe v. Heart Solution, PC, 923 F.3d 308, 315–16 (3d Cir. 2019); Turner v. Human Genome Science, Inc., 292 F. Supp. 2d 738, 743 (D. Md. 2003).

In a sworn affidavit, Officer Lassiter describes the door-closing incident as an accident. [Lassiter Aff. ¶ 8]. He avers that on June 30, 2018,[2] he was in the control room of Primes's housing pod, logging inmates returning from work as they entered their cells. [Id. ¶¶ 4–5]. Primes entered his cell, but his cellmate kept moving in and out of the cell, prompting Lassiter to take the following action:

> When the cellmate was back in the cell, I went to close their door. Just as I hit the button to shut the door, I looked up and saw [Primes] stick his head out of the cell. As soon as I saw him, I hit the button to open the door, but it was too late, and the door hit [Primes's] head.

[Id. ¶ 6]. (The doors operate on air pressure and take several seconds to slide open or closed. [Id. ¶ 4].) Lassiter declares that he did not laugh at Primes or deny him medical care; rather, he asserts, he immediately called his supervisor, who accompanied Primes to the medical department. [Id. ¶¶ 7, 9]. According to the attending physician's contemporaneous notes during a

---

[2] In the complaint Primes alleges that the incident took place on June 16, 2018. [Dkt. No. 1]. Officer Lassiter states that the accident took place on June 30, and that recollection is consistent with medical records noting that Primes had visited the medical clinic on June 30 "to be assessed after his head was caught in a slider." [Lassiter Aff. ¶ 4; Def. Ex. 2, at Lassiter 009].

2

medical appointment two days later, Primes told the physician that "his head got shut in the door this weekend" when a "deputy shut it accidentally." [Def. Ex. 2, at Lassiter 001].

Officer Lassiter argues that the undisputed evidence demonstrates that he accidentally—not deliberately—shut the door on Primes, thus warranting summary judgment in his favor on Primes's excessive force claim. The Court agrees. An Eighth Amendment excessive force claim has an objective and subjective component. Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). An inmate must demonstrate that the defendant (1) applied more than de minimis force (the objective component), and (2) applied that force "maliciously and sadistically for the very purpose of causing harm" (the subjective component). Id. at 112–13 (quoting Whitley v. Albers, 475 U.S. 312, 320–21 (1986)). There is no evidence to support the subjective component of Primes's excessive force claim. Lassiter swears that his actions were accidental. That declaration is corroborated by Primes's medical records, which report that he described the incident as an accident to medical personnel. Because "accidently deploying force is antithetical to deploying that force maliciously or sadistically," Lassiter is entitled to summary judgment on the excessive force claim. See Redmond v. Crowther, 882 F.3d 927, 937 (10th Cir. 2018).

Accordingly, it is hereby

ORDERED that Officer Lassiter's motion for summary judgment [Dkt. No. 13] be and is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel of record for defendant.[3]

Entered this 12th day of December 2019.
Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge

---

[3] Because Primes's claim against Dr. Moreno has not yet been adjudicated, this is not a final, appealable Order.

3